UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62921-CIV-SCOLA/SNOW

MARIE E. HOCKEMEYER, individually )
and on behalf of a class of similarly )
situated individuals, )
                            )    <u>CLASS ACTION</u>
     Plaintiff, )
                            )    <u>JURY TRIAL DEMANDED</u>
v. )
                            )
SET 333, LLC, f/k/a ALLIANCE CAS, )
LLC, a Florida limited liability company, )
and SCOTT JAFFEE, an individual, )
                            )
     Defendants. )

**<u>FIRST AMENDED CLASS ACTION COMPLAINT</u>**

<u>INTRODUCTION</u>

1.    Plaintiff, Marie E. Hockemeyer, on behalf of herself and all others similarly situated alleges that Defendants, SET 333, LLC f/k/a ALLIANCE CAS, LLC and SCOTT JAFFEE an individual, (collectively, "Defendants") while engaged in the collection of an allegedly delinquent homeowner's association debt, committed violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

2.    Specifically, Defendants have used false, deceptive, or misleading representations or means in connection with the collection of allegedly delinquent consumer debt, including, but not limited to, demanding payment in excess of what Plaintiff is obligated to pay.

3.    The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The statute provides for civil liability for a wide range of abusive actions, including, but not limited to the collection of any amount (including any

1

interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. *See* 15 U.S.C. § 1692f.

4.     The FDCPA also allows Plaintiff to recover "any actual damage sustained" as a result of a violation of the statute. 15 U.S.C. § 1692k(a)(1).

5.     The FDCPA is a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector. *Rivera v. Amalgamated Debt Collection Services*, 462 F. Supp. 2d 1223 (S.D. Fla. 2006).

6.     "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." *Lewis v. Marinosci Law Grp., P.C.,* 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013).

7.     There is only one affirmative defense to liability for a violation of the FDCPA, the "bona fide error" defense. 15 U.S.C. § 1692k(c). *See Tourgeman v. Collins Financial Services, Inc.*, 197 F. Supp. 3d 1222, 1225 (S.D. Cal. 2016).

8.     The bona fide error defense applies only to procedural or clerical errors. It does not excuse mistakes of law — i.e., "violations resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA." *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010).

9.     The Eleventh Circuit Court of Appeals has adopted the "least sophisticated consumer" standard to analyze claims of deception or misrepresentation under section 1692e. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). This objective standard analyzes whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collector's practices. *Id.* at 1175-76.

JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1337 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce ..."), and 15 U.S.C. §1692k (An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, ...").

11.     Venue is proper in this judicial district because Defendants reside in this judicial district. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.").

PARTIES

12.     Marie E. Hockemeyer ("Plaintiff") is a natural person and resident of Naples, Florida. Naples is located in Collier County.

13.     Plaintiff, as further described herein, is a consumer as defined by 15 U.S.C. § 1692a(3).

14.     Defendant SET 333, LLC, formerly known as Alliance CAS, LLC ("Alliance"), is a Florida limited liability company whose principal address is 1855 Griffin Road, Suite A-407, Dania Beach, FL 33004, and whose registered agent for service of process in the State of Florida is Evan Phillips, 1855 Griffin Road, Suite A-407, Dania Beach, FL 33004.

15.     Alliance's business model is centered around the collection or attempted collection, directly or indirectly, of unpaid assessments to community associations owed or

3

due or asserted to be owed or due another.[1]

16.     Defendant Scott Jaffee is a natural person, *sui juris*, who is believed to reside, and may be served at 2131 NE 211 St., Miami, FL 33179.

17.     Upon information and belief, Jaffee designed, implemented, and authorized Alliance's unlawful debt collection practices, along with and overseeing and controlling its day-to-day operations.

18.     To the extent Scott Jaffee furnished services under the guise of Scott Jaffee, P.A., he is personally liable and accountable for negligent or wrongful acts or misconduct committed by himself, or by any person under his direct supervision and control, while rendering professional service to Alliance. *See* Fla. Stat. § 621.07.

19.     The collection of condominium or homeowners assessment fees are debts within the meaning of 15 U.S.C. § 1692a(5). *Rivernider v. Brough*, No. 12-cv-80693 (S.D. Fla. Sept. 23, 2013) (collecting cases).

20.     Both Alliance and Scott Jaffee are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

21.     At various times within the one-year prior to the filing of this action, Plaintiff communicated with Alliance by telephone and email regarding an allegedly delinquent homeowner's association balance.

22.     Plaintiff is allegedly obligated to pay certain homeowners' assessments by virtue of a document entitled *Declaration of Protective Covenants, Restrictions and Easements*

---

[1] Source: http://alliancecas.com/ (Last Viewed: November 30, 2018).

*for Leawood Lakes*, filed in the official records of Collier County, Florida, at OR: 2988 PG: 3284.

23.     The *Declaration of Protective Covenants, Restrictions and Easements for Leawood Lakes* is the "agreement creating the debt" within the meaning of 15 U.S.C. § 1692f(1).

24.     Leawood's agreement with Alliance, titled *ALLIANCE CAS, LLC General Services Agreement* states:

1.     No Fees to Association.

1.1     During the Term of this Agreement, all of Alliance's fees, costs or reimbursements shall be deducted solely from the monies collected by Alliance pursuant to this Agreement whether from owner payments, first mortgagee payments or otherwise. All Alliance fees, costs and reimbursements shall be in addition to any statutorily owed monies which may be owed to the Association from a Unit Owner.

25.     Prior to receiving any communications from Alliance, Plaintiff attempt to speak with Leawood regarding the allegedly delinquent homeowner's association debt; however, they refused to speak with her.

26.     Leawood claims that it mailed her a demand letter, but Plaintiff never received any such communication. Leawood thereupon instructed her that the collection agency would contact her, but was provided no further information regarding the identity of the collection agency.

27.     In order to market itself as an alternative to attorney collectors, Alliance developed a marketing scheme entitled "S.M.A.R.T. Collection Services" ("SMART Program").

28.     Alliance's website states:

> The SMART Collections process never requires the association
> to pay for any service. In fact, Alliance invests money, time and

resources into your community from day one. The cost of letters, envelopes, stamps, certified mail, outbound call center etc. are all expenses that Alliance incurs for the benefit of the Association. These monies are not advanced or deferred. They are actually invested monies by Alliance on behalf of the Association with no obligation to repay. Alliance advances all costs for any necessary legal work; i.e. lien and foreclosures. Alliance is a collection firm, not a Law Firm. However, just as Alliance does not charge the Association, any monies advanced for outside legal work, will be of no recourse to the Association at any time.[2]

29.     Upon information and belief, Alliance's business model is predicated entirely on charging unlawful additional fees to the individuals to whom it attempts to collect monies. This pattern of conduct is calculated into compelling individuals into paying monies far in excess of that alleged owed for homeowner's associations fees in order for Alliance to profit and operate as a collection agency.

30.     Upon information and belief, Jaffee is responsible for the implementing the policies and procedures that resulted in the conduct giving rise to the instant lawsuit.

31.     From time to time during the time frame relevant to this action, Plaintiff has received various statements of account, notes, messages, etc. from Defendants (some itemized, some not), purporting to reflect the balance due.

32.     A comparison of the types and amounts of charges being demanded by Defendants with those permitted in the *Declaration of Protective Covenants, Restrictions and Easements for Leawood Lakes* reveals that Defendants is engaged in the collection of amounts not expressly authorized by the agreements creating the debt or permitted by law.

33.     Specifically, Alliance provided two accountings of alleged monies owed to Leawood, a general accounting and a collection fees accounting.

---

[2] http://alliancecas.com/smart-collections/ (Last Viewed: December 27, 2018).

34.     Upon closer examination, the collection fees accounting includes numerous "transactions" not expressly authorized by the agreement between Alliance and Leawood including nineteen (19) "Call Center- monthly charge[s]", "Release of Lien fee added," and "Mailing costs for Demand Letter" charges.

35.     Upon information and belief, none of these charges were added by Leawood, but are included in a manner that misleadingly appear to be charges assessed by Leawood.

36.     What's more, the "Call Center-monthly charge" is inconsistently billed; the "Call Center-monthly charge" dated for June 8, 2017 is billed at $100, whereas all the other eighteen (18) "Call Center-monthly charge[s]" are billed at $50.

37.     Additionally, there is a "Release of Lien fee added" of $195 (where no such release was filed), and the "Mailing costs for Demand Letter" charge, billed at $18.25, far exceeds the cost of printing any standard letter and mailing it with United States Postal Service tracking.

38.     These fabricated, deceitful and unconscionable charges are all part of Defendants' calculus to profit solely from collection efforts against individuals who allegedly owe homeowners association debts.

39.     Notably, a review of the Administrative Office of the U.S. Courts, PACER Case Locator, reveals that Alliance has been sued on several other occasions for collection of amounts not expressly authorized by the agreement creating the debt or permitted by law. *See e.g., Christello v. Alliance CAS, LLC*, No. 8:18-cv-00325-SDM-AAS (M.D. Fla. Filed Feb. 8, 2018); *Smith v. Alliance CAS, LLC,* No. 6:17-cv-02130 (M.D. Fla. Filed: Dec 12, 2017); *Ramos & Ramos v. Alliance CAS, LLC et. al.,* No. (0:14-cv-60097-KMM) (S.D. Fla. Filed Jan. 15, 2014).

7

CLASS ACTION ALLEGATIONS

40.     This action is sought on behalf of a Class consisting of:

(i) all persons with addresses in the State of Florida (ii) who were directly or indirectly subject to any debt collection activity (iii) by Alliance or by any other party on behalf of Alliance (iv) during the one year period prior to the filing of the original complaint in this action through the date of certification (v) in an attempt to collect a debt incurred for personal, family or household purposes (vi) that was not originally owed to a credit grantor with a business presence in Florida. Excluded from the class definition is any class member whose debt was discharged in bankruptcy; excluded from the calculation of actual damages are any monies collected by Alliance after the entry of a judgment.

41.     Plaintiff alleges on information and belief based upon Defendants' unlawful "Call Center-monthly charge", "Release of Lien fee", and "Mailing cost of Demand letter" charges were assessed upon the Class is so numerous that joinder of all members of the Class is impractical.

42.     There are questions of law of fact common to the Class, which common issues predominate over any issues involving only individual Class members. The factual issue common to each Class member is whether Alliance engaged in debt collection of unlawful surcharges not owed to Leawood.

43.     Plaintiff's claim is typical of those Class members. All claims are based on the same facts and legal theories.

44.     Plaintiff will fairly and adequately protect the interests of the Class. She has retained counsel in handling actions involving unlawful practices under the FDCPA and Class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

45.     Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

8

(1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

46.     Plaintiff requests certification of a Class under Rule 23(b)(3), of the Federal Rules of Civil Procedure, for monetary damages; her appointment as Class Representative; and that her attorney Scott D. Owens be appointed Class Counsel.

## COUNT I
## Violation of the FDCPA at 15 U.S.C. §§ 1692e, 1692e(2)(A)

47.     Plaintiff incorporates paragraphs 1-45 as if fully set forth herein.

48.     Section 1692e prohibits a debt collector from using any false, deceptive, or misleading representations in connection with the collection of a debt. More specifically, Section 1692e(2)(A) prohibits a debt collector from falsely representing of "the character, amount, or legal status of any debt." *Valle v. First Nat. Collection Bureau, Inc*., 252 F. Supp. 3d 1332, 1339 (S.D. Fla. 2017).

49.     Defendants have overstated the amount Plaintiff is legally obligated to pay and in doing so, violated Sections 1692e and 1692e(2)(A) by falsely representing to Plaintiff "the character, amount, or legal status" of the alleged debt.

50.     15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

WHEREFORE, Plaintiff requests judgment in her favor, and against Defendants for:

a. Statutory damages in the amount set forth in 15 U.S.C. § 1692k(a);

9

b. Actual damages;

b. Attorney's fees, litigation expenses and costs of suit;

c. Such other or further relief as the Court deems proper.

COUNT II
Violation of the FDCPA at 15 U.S.C. § 1692f(1)

51. Plaintiff incorporates paragraphs 1-45 as if fully set forth herein.

52. Section 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1202 n.29 (11th Cir. 2010).

53. Defendants, in violation of 15 U.S.C. § 1692f(1), is engaged in the collection of amounts not expressly authorized in the *Declaration of Protective Covenants, Restrictions and Easements for Leawood Lakes* or otherwise permitted by law.

54. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

WHEREFORE, Plaintiff requests judgment in her favor, and against Defendants for:

a. Statutory damages in the amount set forth in 15 U.S.C. § 1692k(a);

b. Actual damages;

b. Attorney's fees, litigation expenses and costs of suit;

c. Such other or further relief as the Court deems proper.

10

JURY DEMAND

54.     Plaintiff demands trial by jury.

Dated: January 16, 2019

Respectfully submitted,

s/ *Scott D. Owens*
Scott D. Owens, Esq. (FBN 0598651)
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties below, if any, who are not authorized to receive electronically Notices of Electronic Filing.

11